**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50543
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

XAVIER JONQUE WHEELER,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-391-ALL
-----------------------------------------------------------------

Before WIENER, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Xavier Jonque Wheeler appeals his jury-conviction and sentence for attempting to

manufacture 50 grams or more of crack cocaine (crack), possessing with intent to distribute cocaine,

possessing a firearm in furtherance of a drug crime, and being a felon in possession of a firearm, in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation of 18 U.S.C. §§ 922, 924 and 21 U.S.C. §§ 841, 846. Wheeler argues that the district court erred when it denied his motion to suppress evidence discovered following a traffic stop.

This court reviews findings, including credibility determinations, made by a district court on a motion to suppress for clear error; review of the district court's ultimate conclusions on Fourth Amendment issues is de novo. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc).

Wheeler was validly stopped by police for having outstanding traffic warrants. The fact that an "officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. . . . Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Ohio v. Robinette, 519 U.S. 33, 38 (1996). The initial stop does not present a Fourth Amendment violation.

Wheeler's girlfriend, Shawn Gaston, consented to a search of her home. Wheeler argues that Gaston's consent was coerced. Because the district court based its determination that Gaston's consent was voluntary on the oral testimony at the suppression hearing, we review for clear error under a particularly stringent standard. United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002).

We review six non-controlling factors to determine whether consent was voluntary: "(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found." Id. The district court utilized these six factors

to determine that Gaston's consent was made voluntarily. Wheeler has provided no argument on appeal that convinces us that the district court's determination was clearly erroneous. See United States v. Tompkins, 130 F.3d 117, 121-22 (5th Cir. 1997). Because Gaston voluntarily consented to a search of her home, Wheeler cannot prevail on a Fourth Amendment challenge to that search. United States v. Shelton, 337 F.3d 529, 531-32 (5th Cir. 2003), cert. denied, 540 U.S. 1229 (2004).

Regarding Wheeler's safe that was in Gaston's home, the district court determined that Wheeler voluntarily consented to a search of the safe or, alternatively, the search thereof fell under the inevitable discovery doctrine. Wheeler has failed to challenge the court's holding based on inevitable discovery. Accordingly, he has abandoned review of that issue. United States v. Beaumont, 972 F.2d 553, 563 (5th Cir. 1992). Wheeler has not demonstrated that the district court's denial of his motion to suppress the evidence was erroneous.

Wheeler also argues that his sentence was imposed in violation of the Sixth Amendment, under the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S. Ct. 2531 (2004). The Supreme Court, in United States v. Booker, 125 S. Ct. 738 (2005), reaffirmed Apprendi and Blakely that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Wheeler preserved this argument in the district court by objecting based on Apprendi. See United States v. Pineiro, ___ F.3d ___, 2005 WL 1189713, *2 (5th Cir. May 20, 2005). Consequently, the Government bears the burden of establishing, beyond a reasonable doubt, that the error was harmless. See id.

The jury found Wheeler guilty of attempting to manufacture more than 50 grams of crack cocaine. The testimony from Wheeler's trial established, and Wheeler admitted at sentencing, that he possessed 439 grams of powder cocaine. However, Wheeler was sentenced based on at least 150 but less than 500 grams of crack cocaine. Consequently, Wheeler was sentenced based on facts neither admitted by him nor found by a jury, in violation of <u>Booker</u>. The Government has failed to meet its burden of proving that the error was harmless. Accordingly, Wheeler's conviction is AFFIRMED, but we VACATE Wheeler's sentence, and REMAND for resentencing in light of <u>Booker</u>.